ROBERT BURDICK, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31863.)

Court of Claims, November 22, 1954.

*David O. Boehm* and *Paul Muscarella* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Neil R. Farmelo* of counsel), for defendant.

SYLVESTER, J. Claimant, an inmate of Attica State Prison, was assaulted by a fellow prisoner on November 30, 1952. While proceeding with his fellow prisoners from the mess hall to his cell in regular routine, he turned to talk with prisoner Saxton Gamble, who was then being kept in his cell twenty-four hours

a day for an infraction of regulations, and who accused claimant of making insulting remarks.

As claimant turned to resume his march with the others he was slashed with a safety razor by Gamble, suffering scars upon his face and chest for which he was treated at the prison hospital. Gamble had an unsavory history of engaging in altercations with his fellow inmates. It is asserted that the State was negligent in permitting Gamble, knowing of his assaultive predisposition, to possess the razor and for failure of adequate supervision and control of the assailant. The evidence, however, fails to establish the negligence of the State in the circumstances here disclosed. Though the prison authorities permitted each inmate to possess a safety razor, it does not appear that any other mishap occurred by reason thereof, or that it was not an approved and accepted practice in the administration of such an institution. Locked as he was in his cell, Gamble could not be said to be in a position to inflict injury on any fellow prisoner. Obviously, the assault could not have been perpetrated had the claimant not approached Gamble. By doing so and not proceeding along with his fellow inmates, claimant made the attack possible. Having confined Gamble to his cell under lock and key, it can hardly be maintained that the State had not effectively kept him from doing injury to others. Had claimant not approached Gamble, keeping in line and proceeding with the others toward his own cell, no harm would have come to him. In these circumstances, it is found that the State was not negligent and that the claim should be dismissed.

The foregoing constitutes the written and signed decision of the court upon which judgment may be entered (Civ. Prac. Act, § 440).